JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-5653 PA (MBKx) | Date | July 1, 2025 |
|---|---|---|---|
| Title | Albert Margayan v. Nissan North America, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

     Before the Court is the Notice of Removal filed by defendant Nissan North America, Inc. ("Defendant") on June 20, 2025, as well as the Supplement to the Notice of Removal filed by Defendant on June 24, 2025.  (Docket Nos. 1 ("NOR"), 8 ("Supp.").)  Defendant alleges that this Court possesses diversity jurisdiction over this action filed by plaintiff Albert Margayan ("Plaintiff") pursuant to 28 U.S.C. § 1332(a).  On June 27, 2025, the Court held a video conference hearing to determine whether diversity jurisdiction over this action exists.  At the status conference, the Court tentatively concluded that the Notice of Removal and Supplement failed to plausibly allege Plaintiff's citizenship and thus failed to plausibly allege that this Court has subject matter jurisdiction over this action.  The Court waived Local Rule 6-1 barring oral motions, and Plaintiff's counsel moved to remand the action to the Los Angeles County Superior Court based on Defendant's failure to adequately allege a basis for the Court's subject matter jurisdiction.  However, before ruling on Plaintiff's motion to remand, the Court granted Defendant leave to proffer additional authority in support of removal.  (Docket No. 12.)  Defendant filed its Further Supplement on June 30, 2025.  (Docket No. 13 ("Further Supp.").)  For the reasons stated below, the Court concludes that Defendant has failed to plausibly allege that this Court has subject matter jurisdiction over this action.

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-5653 PA (MBKx) | Date | July 1, 2025 |
|---|---|---|---|
| Title | Albert Margayan v. Nissan North America, Inc., et al. | | |

    In attempting to invoke this Court's diversity jurisdiction, Defendant must plausibly allege that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332; see also Academy of Country Music v. Continental Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021).  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the place they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  See 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).  The citizenship of an LLC is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

    In the Notice of Removal, Defendant alleges:  "According to Plaintiff's Complaint, he is a resident of California.  See Compl. ¶ 2.  Nissan's preliminary investigation also concluded that Plaintiff resided in California when he purchased the subject vehicle, and on other occasions, establishing a plausible basis for intent to remain in California thus providing a plausible basis for citizenship."  (NOR at 3:10-14.)  In its Supplement, Defendant alleges that "Plaintiff has resided in California since at least two years and five months prior to September 18, 2023, when he leased the subject vehicle."  (Supp at 3:9-11 (citing Declaration of Brady O'Bryan, Ex. A (Financing Agreement).)

    Although Defendant cites to the Complaint in support of its allegations of Plaintiff's citizenship, Defendant also argues that the Complaint by itself is indeterminate as to Plaintiff's citizenship.  In so arguing, Defendant states, "[c]itizenship requires a showing of (1) 'residence' and (2) 'intent to remain,'" and "[w]hile allegations of residence may give rise to plausible allegations of citizenship, residence alone is not 'determinate' as to citizenship."  (NOR at 7:10, 17–18.) (citing Kanter, 265 F.3d at 857).  Despite this, however, in both the Notice of Removal and Supplement, Defendant proffers only evidence of Plaintiff's residence and little to no evidence of Plaintiff's intent.  Under longstanding Ninth Circuit precedent, it is clear that residence is physical, whereas domicile is generally a combination of physical presence plus an intention to make a certain definite place one's permanent abode.  See, e.g., Weible v. United States, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-5653 PA (MBKx) | Date | July 1, 2025 |
|---|---|---|---|
| Title | Albert Margayan v. Nissan North America, Inc., et al. | | |

as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile.").

Defendant argues in its Supplement that a plaintiff's state of residence is presumptively considered to be his or her state of citizenship, citing Bradley Min. Co. v. Boice, 194 F.2d 80, 84 (9th Cir. 1951); and Adams v. West Marine Prods., 958 F.3d 1216, 1221 (9th Cir. 2020). (Supp. at 3:2-7.) As an initial matter, the Ninth Circuit has explained that "[i]t does not appear that this circuit has yet adopted th[e] presumption' that residence is prima facie evidence of domicile." Mondragon v. Capital One Auto Finance, 736 F.3d 880, 886 (9th Cir. 2013). Moreover, Defendant's reliance on Bradley and Adams is misplaced, as neither case involved a presumption against removal jurisdiction. Bradley appears to have been originally filed in federal court, where the burden is on the plaintiff to plead and prove the parties' citizenship. See Lew v. Moss, 797 F.2d 747, 751 (9th Cir. 1986). Adams was removed under the Class Action Fairness Act, where there is no antiremoval presumption. See, e.g., Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986); Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014). In removal cases, by contrast, the "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus, 980 F.2d at 566 (citing Nishimoto v. Federman–Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir.1990); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir.1988)); see also California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir.), opinion amended on denial of reh'g , 387 F.3d 966 (9th Cir. 2004).

In its Further Supplement, Defendant acknowledges the presumption against removal jurisdiction in cases removed pursuant to 28 U.S.C. § 1332(a), but it argues that removal was remains proper in this case because Defendant is only required to establish jurisdictional facts by a preponderance of the evidence. (See Further Supp. at 1:6–3:19.) In so arguing, Defendant relies on Sanchez v. Monumental Life Ins. Co., 102 F.3d 398 (9th Cir. 1996), and Guglielmino v. McKee Foods Corp., 506 F.3d 696 (9th Cir. 2007). In Sanchez, the Ninth Circuit held that when it is unclear from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. See 102 F.3d at 403–04. In Guglielmino, the Ninth Circuit decided the proper burden of proof to be borne by a removing defendant when a state-court complaint alleges damages less than the jurisdictional threshold but does not specify the total amount in controversy. Applying Sanchez, the court held that the correct burden of proof was a preponderance of the evidence standard, rejecting a more stringent "legal certainty" standard. See 506 F.3d 696 at 699. Defendant argues that the same preponderance of the evidence burden of proof applies in this case because the Complaint is

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-5653 PA (MBKx) | Date | July 1, 2025 |
|---|---|---|---|
| Title | Albert Margayan v. Nissan North America, Inc., et al. | | |

indeterminate as to Plaintiff's citizenship (see Further Supp. at 1:20–2:4), and it argues that even if the Court has "a reasonable doubt as to Plaintiff's intent to remain," in California, Defendant's allegations regarding Plaintiff's California residence are sufficient to establish Plaintiff's California citizenship by a preponderance of the evidence (see id. at 4:18–5:19).

Defendant's argument is unconvincing for several reasons. First, nothing in Sanchez or Guglielmino negates the requirement in Guas that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." 980 F.2d at 566. Put differently, under Gaus, the Court must reject federal jurisdiction if there is "any doubt" that Defendant has not satisfied its burden of proof. Second, Defendant fails to establish by a preponderance of the evidence that Plaintiff is a citizen of California. Defendant asserts that Plaintiff's "long-standing California residence is sufficient to establish Plaintiff's California citizenship," (Further Supp. at 4:18–5:19; see also Supp. at 3:13–15 (arguing that Plaintiff's "longstanding residency in California is prima facie evidence of domicile (and therefore citizenship)")[1]). However, Defendant alleges only that Plaintiff resided in California between April 2021 (two years and five months before September 2023, when Plaintiff leased the vehicle at issue in this action) and May 2025 (when Plaintiff filed the Complaint). (See Supp. at 3:8–13).[2] And, as Defendant itself argues, Plaintiff's allegation in the Complaint that he resided in California between September 2023 and May 2025 does not suffice to show that Plaintiff is a citizen of California. (See NOR at 7:9–21.) Defendant fails to adequately explain why an allegation of residency for a period of slightly more than four years suffices to show domiciliary intent, whereas an allegation of residence for slightly over one-and-a-half years does not. Regardless, as explained above, an individual is not necessarily domiciles where he or she resides. Kanter, 265 F.3d at 857; Weible, 244 F.2d at 163. Absent any other evidence of domiciliary intent, the Court finds that

---

[1] In its Supplement, Defendant cites two district court cases, Crescencio v. Ford Motor Co., No. CV 24-10946-MWF (BFMx), 2025 WL 1122096 (C.D. Cal. Apr. 9, 2025); and Covarrubias v. Ford Motor Co., No. 2:25-cv-00328-JLS-MAA, 2025 WL 907544 (C.D. Cal. Mar. 24, 2025), in support of this argument. However, Defendant's reliance on these district court cases does not overcome clear Ninth Circuit precedent requiring that there not be "any doubt" as to the right of removal. See Gaus, 980 F.2d at 566.

[2] While Defendant asserts in its Further Supplement that it has produced evidence showing that Plaintiff "has remained in California for at least 5 years prior to filing the Complaint" (see Further Supp. at 5:8), the Notice of Removal and Supplement appear to allege Plaintiffs residence in California for a period of only slightly more than four years.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-5653 PA (MBKx) | Date | July 1, 2025 |
|---|---|---|---|
| Title | Albert Margayan v. Nissan North America, Inc., et al. | | |

Defendant's allegations of Plaintiff's residence in California do not suffice to show that he is domiciled in California.

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857. Here, Defendant's allegations of Plaintiff's residence are insufficient to plausibly allege Plaintiff's citizenship. Thus, Defendant's allegations related to Plaintiff's residence are insufficient to overcome the strict presumption against removal jurisdiction and insufficient to invoke this Court's diversity jurisdiction.

Accordingly, the Court grants Plaintiff's Motion to Remand. This action is hereby remanded to Los Angeles County Superior Court, Case No. 25STCV12883, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.